Clark J. Burnham, State Bar No. 041792
Robert M. Bodzin, State Bar No. 201327
Andrew R. Shalauta, State Bar No. 186821
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:      (510) 444-6800
Facsimile:      (510) 835-6666
Email Addresses:      cburnham@burnhambrown.com
                      rbodzin@burnhambrown.com
                      ashalauta@burnhambrown.com

Attorneys for DEFENDANTS/COUNTER-CLAIMANTS
BIO-MASS ENERGY CONCEPTS, LLC., ADVANCED
RECYCLING EQUIPMENT, INC. and DONALD KUNKEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MDF PRODUCTS, INC., | No. 2:05-CV-00642, LKK-JFM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Complaint Filed April 1, 2005 |
| BIO-MASS ENERGY CONCEPTS, LLC, ADVANCED RECYCLING EQUIPMENT, INC. and DONALD KUNKEL, | Trial Date:  March 27, 2007 |
| Defendants. | |
| AND RELATED COUNTER-CLAIM | |

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be

warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

blanket protections on all disclosures or response to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal

PDF created with pdfFactory trial version www.pdffactory.com

1  principles to treatment as confidential.  The parties further acknowledge, as set forth in

2  Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential

3  information under seal; Civil Local Rule 39-141 sets forth the procedures that must be followed

4  and reflects the standards that will be applied when a party seeks permission from the court to

5  file material under seal.

6  2.      **<u>DEFINITIONS</u>**

7      2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees,

8  consultants, retained experts, and outside counsel (and their support staff).

9      2.2     <u>Disclosure or Discovery Material</u>: all items or information regardless of the

10  medium or manner generated, stored, or maintained (including, among other things, testimony,

11  transcripts, or tangible things) that are produced or generated in disclosures or response to

12  discovery in this matter.

13      2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated,

14  stored or maintained) or tangible things that qualify for protection under standards developed

15  under F.R.Civ. 26(c).

16      2.4     <u>"Highly Confidential" – Attorneys' Eyes Only" Information or Items</u>: extremely

17  sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

18  would create a substantial risk of serious injury that could not be avoided by less restrictive

19  means.

20      2.5     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

21  Producing Party.

22      2.6     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

23  Material in this action.

24      2.7     <u>Designating Party</u>:  a Party or non-party that designates information or items that

25  it produces in disclosures or in response to discovery as "Confidential" or "Highly Confidential

26  – Attorneys' Eyes Only."

27      2.8     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

28  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

PDF created with pdfFactory trial version www.pdffactory.com

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party; for Plaintiff Pacific MDF Products, Inc., this includes William Gregory.

2.11    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Parry or its counsel to serve as an expert witness or as a consultant in this action and who is not past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trail consultant retained in connection with this litigation.

2.13    <u>Professional vendors</u>:  persons or entitled that provide litigation support service (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

///
///
///
///

PDF created with pdfFactory trial version www.pdffactory.com

5.      **DESIGNATING PROTECTED MATERIAL**

        5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party
or non-party that designates information or items for protection under this Order must take care
to limit any such designation to specific material that qualifies under the appropriate standards.
A Designating Party must take care to designate for protection only those parts of material,
documents, items or oral or written communications that qualify – so that other portions of the
material, documents, items or communications for which protection is not warranted are not
swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
unnecessarily encumber or routinized the case development process, or to impose unnecessary
expenses and burdens on other parties) expose the Designating Party to sanctions.

        If it comes to a Party's or non-party's attention that information or items that it
designated for protection do not qualify for protection at all, or do not qualify for the level of
protection initially asserted, that Party or non-party must promptly notify all other parties that it
is withdrawing the mistaken designation.

        5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order
(see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
material that qualifies for protection under this Order must be clearly so designated before the
material is disclosed or produced.

        Designation in conformity with this order requires:

                (a)     for information in documentary form (apart from transcripts of
depositions or other pretrial or trail proceedings), that the Producing Party affix the legend
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the
top of each page that contains protected material.  If only a portion or portions of the material on
a page qualifies for protection, the Producing Party also must clearly identify the protected
portion(s) (e.g., by making appropriate makings in the margins) and must specify, for each
///

PDF created with pdfFactory trial version www.pdffactory.com

1  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3            A Party or non-party that makes original documents or materials available

4  for inspection need not designate them for protection until after the inspecting Party has

5  indicated which material it would like copied and produced.  During the inspection and before

6  the designation, all of the material made available for inspection shall be deemed "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

8  the documents it wants copied and produced, the Producing Party must determine which

9  documents, or portions thereof, qualify for protection under this Order, then, before producing

10  the specified documents, the Producing Party must affix the appropriate legend

11  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the

12  top of each page that contains Protected Material.  If only a portion or portions of the material on

13  a page qualifies for protection, the Producing Party also must clearly identify the protected

14  portion(s) (e.g., by making appropriate markings in the margins) and specify, for each portion,

15  the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

17            (b)    for testimony given in deposition or in other pretrial or trial proceedings,

18  that the Party or non-party offering or sponsoring the testimony identify on the record, before the

19  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

20  any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

21  EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

22  entitled to protected, and when it appears that substantial portions of the  testimony may qualify

23  for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

24  the record (before the deposition or proceedings is concluded) a right to have up to 20 days to

25  identify the specific portions of the testimony as to which protection is sought and to specify the

26  level of protection being asserted ("CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY".  Only those portions of testimony that are appropriately

28  ///

PDF created with pdfFactory trial version www.pdffactory.com

designated for protection with the 20 days shall be covered by the provisions of this Stipulated

Protective Order.

Transcript pages containing Protected Material must be separately bound

by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

instructed by the Party or non-party offering or sponsoring the witness or presenting the

testimony.

(c)      for information produced in some form other than documentary, and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portions, specifying whether they qualify as

"Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

under this Order for such material.  If material is appropriately designated as "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

Receiving Party, on timely notification of the designation, must make reasonable efforts to

assure that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation id disclosed.

///

STIPULATED PROTECTIVE ORDER                6                    No. 2:05-CV-00642, LKK-JFM

PDF created with pdfFactory trial version www.pdffactory.com

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the local rules (and in compliance with Civil Local Rule 39-141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the proceeding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

///

PDF created with pdfFactory trial version www.pdffactory.com

1        Protected Material must be stored and maintained by a Receiving Party at a location and

2    in a secure manner that ensures that access is limited to the persons authorized under this Order.

3        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

4    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5    disclose any information or item designated CONFIDENTIAL only to:

6        (a)    the officers, directors, and employees (including House Counsel) of the

7    Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

8    signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9        (b)    experts (as defined in this Order) of the Receiving Party to whom

10    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

11    Bound by Protective Order" (Exhibit A);

12        (c)    the Court and its personnel;

13        (d)    the author of the document or the original source of the information.

14        7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

15    <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the

16    Designating Party, a Receiving Party may disclose any information or item designated

17    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

18        (a)    the Receiving Party's Outside Counsel of record in this action, as well as

19    employees of said Counsel to whom it is reasonably necessary to disclose the information for

20    this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

21    attached hereto as Exhibit A;

22        (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

23    necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

24    Order" (Exhibit A), and (3) as to whom the procedures set forth in  paragraph 7.4, below, have

25    been followed;

26        (c)    the Court and its personnel;

27        (d)    the author of the document or the original source of the information.

28

PDF created with pdfFactory trial version www.pdffactory.com

**7.4**     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

       (a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Part that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has receiving compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

       (b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request the Party receiving a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

       (c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in local rules (and in compliance with Civil Local Rule 39-141, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

PDF created with pdfFactory trial version www.pdffactory.com

1   and confer discussions) and sets forth the reasons in advanced by the Designating Party for its

2   refusal to approve the disclosure.

3            In any such proceeding the Party opposing disclosure to the expert shall bear the

4   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

5   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6   8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

7   **OTHER LITIGATION**

8            If a Receiving Party is served with a subpoena or an order issued in other litigation that

9   would compel disclosure of any information or items designated in this action as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

11  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

12  immediately and in no event more than three court days after receiving the subpoena or order.

13  Such notification must include a copy of the subpoena or court order.

14           The Receiving Party also must immediately inform in writing the Party who caused the

15  subpoena or order to issue in the other litigation that some or all the material covered by the

16  subpoena or order is the subject to this Protective Order.  In addition, the Receiving Party must

17  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

18  caused the subpoena or order to issue.

19           The purpose of imposing these duties is to alter the interested parties to the existence of

20  this Protective Order and to afford the Designating Party in this case an opportunity to try to

21  protect its confidentiality interests in the court from which the subpoena or order is issued.  The

22  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

23  its confidential material – and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25  9.      **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27  Material to any person or in any circumstance not authorized under this Stipulated Protective

28  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

PDF created with pdfFactory trial version www.pdffactory.com

1   unauthorized disclosures, (b) use it best efforts to retrieve all copies of the Protected Material,

2   (c) inform the person or persons to whom unauthorized  disclosures were made of all the terms

3   of this Order, and (d) request such person or persons to execute "Agreement to Be Bound by

4   Protective Order" that is attached hereto as Exhibit A.

5   10.     **FILING PROTECTED MATERIAL**.  Without written permission from the

6   Designating Party or a court order secured after appropriate notice to all interested persons, a

7   Party may not file in the public record in this action any Protected Material.  A Party that seeks

8   to file under seal any Protected Material must comply with Civil Local Rule 39-141.

9   11.     **FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing by the

10  Producing Party, within sixty days after the final termination of this action, each Receiving Party

11  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

12  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

13  reproducing or capturing any of the Protected Material.  With permission in writing from the

14  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

15  of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

16  must submit a written certification to the Producing Party (and, if not the same person or entity,

17  to the Designating Party) by the sixty day deadline that identifies (by category, where

18  appropriate) all the Protected Material that was returned or destroyed and that affirms that the

19  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

20  of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

21  Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

22  memoranda, correspondence or attorney work product, event if such materials contain Protected

23  Material.  Any such archival copies that contain or constitute Protected Material remain subject

24  to this Protective Order as set forth in Section 4 (DURATION), above.

25  12.     **MISCELLANEOUS**

26          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

27  seek its modification by the Court in the future.

28

PDF created with pdfFactory trial version www.pdffactory.com

1      12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

2  Order no Party waives any right it otherwise would have to object to disclosing or producing any

3  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

4  no Party waives any right to object on any ground to use in evidence of any of the material

5  covered by this Protective Order.

6  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7  DATED:  May 11, 2006.

8                                              By   /s/Burnham Brown
                                                   BURNHAM BROWN
9                                                  Attorneys for DEFENDANTS/COUNTER-
                                                   CLAIMANTS
10                                                 Robert M. Bodzin, CASB#201327
                                                   1901 Harrison Street, 11th Floor
11                                                 Oakland, CA  94612
                                                   Telephone:  (510) 444-6800
12                                                 Facsimile:  (510) 835-6666

13  DATED:  May 10, 2006.

14

15                                             By    s/s Thomas G. Redmon
                                                   WILKE, FLEURY, HOFFELT, GOULD &
16                                                 BIRNEY, LLP
                                                   Attorneys for Plaintiff
17                                                 Thomas G. Redmon, CASB# 47090
                                                   400 Capital Mall, Twenty-Second Floor
18                                                 Sacramento, CA 95814
                                                   Telephone:  (916) 441-2430
19                                                 Facsimile:  (916) 442-6664

20  PURSUANT TO STIPULATION, IT IS SO ORDERED.

21                              DATED:  May 23, 2006.

22                                  /s/John F. Moulds

23                          United States Magistrate Judge

24

25

26

27                              **<u>EXHIBIT A</u>**

28          **<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

PDF created with pdfFactory trial version www.pdffactory.com

1

2       I, _____ [print or type full name], of _____

3    [ print or type full address], declare under penalty of perjury that I have read in its entirety and

4    understand the Stipulated Order that was issued by the United States District Court for the

5    Northern District of California on [date] in the case of <u>Pacific MDF Products, Inc. v. Bio-Mass</u>

6    <u>Energy Concepts, et al.</u>, U.S.D.C. - Eastern Distr. No. 2:05-CV-00642, LKK-JFM.  I agree to

7    comply with and to be bound by all the terms of this Stipulated Protective Order and I

8    understand and acknowledge that failure to so comply could expose me to sanctions and

9    punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

10    any information or item that is subject to this Stipulated Protective Order to any person or entity

11    except in strict compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for the

13    Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

14    Order, even if such enforcement proceedings occur after termination of this action.

15       I  hereby  appoint  _____  [print  or  type  full  name]  of

16    _____ [print or type full address and telephone number] as my California

17    agent for service of process in connection with this action or any proceedings related to

18    enforcement of this Stipulated Protective Order.  This agency will terminate when judgment is

19    entered, this case is settled and/or it is dismissed.

20

21    Date: _____

22    City and State where sworn and signed: _____

23    Printed Name: _____
               [printed name]

24    Signature: _____

25               [signature]

26

27    738769

28

PDF created with pdfFactory trial version www.pdffactory.com