WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
THOMAS G. REDMON (SBN 047090)
DANIEL L. BAXTER (SBN 203862)
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814
Telephone:     (916) 441-2430
Facsimile:     (916) 442-6664

Attorneys for Plaintiff/Counter-Defendant
PACIFIC MDF PRODUCTS, INC.

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MDF PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BIO-MASS ENERGY CONCEPTS, LLC, ADVANCED RECYCLING EQUIPMENT, INC. and DONALD KUNKEL,<br><br>    Defendants.<br><br>BIO-MASS ENERGY CONCEPTS, LLC, and ADVANCED RECYCLING EQUIPMENT,<br><br>    Counter-Claimants,<br><br>vs.<br><br>PACIFIC MDF PRODUCTS, INC.,<br><br>    Counter-Defendant. | No. 2:05-cv-642, LKK-JFM<br><br>**STIPULATION REGARDING TEMPORARY STAY OF PROCEEDINGS** |

Plaintiff, Pacific MDF Products, Inc. ("Plaintiff") and Defendants, Bio-Mass Energy Concepts, LLC ("BEC"), Advanced Recycling Equipment, Inc. ("ARE") and Donald Kunkel ("Kunkel", and together with BEC and ARE, collectively, "Defendants"), by and through their undersigned counsel or other authorized representatives, hereby stipulate, covenant and agree as

-1-

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

STIPULATION REGARDING TEMPORARY STAY OF PROCEEDINGS

PDF created with pdfFactory trial version www.pdffactory.com

follows:

## RECITALS

A. On June 25, 2008, following a lengthy trial, a jury rendered a verdict in this action in favor of Plaintiff and against Defendants in the amount of $6,067,185 and judgment was entered thereon by the Court on June 26, 2008.

B. On July 10, 2008, pursuant to Fed. R.Civ.P. 6(a)(2), within (10) ten days of the date of the judgment, Defendants timely filed motions for new trial and/or judgment as a matter of law pursuant to Fed. R.Civ.P. 50(b) and 59 ("Post Trial Motions").

C. On July 10, 2008, pursuant to 28 U.S.C.A. § 1920, within ten (10) days of the date of the judgment, Plaintiff timely filed its Bill of Costs as the prevailing party in this action.

D. Shortly after the verdict was rendered, BEC and ARE engaged new counsel to provide financial and restructuring advice and such counsel approached Plaintiff's counsel regarding the prospects for engaging in settlement negotiations.

E. Plaintiff and Defendants (collectively, the "Parties") have agreed to temporarily stay any further proceedings in this action while they explore the possibility of a settlement, solely in accordance with the terms and conditions set forth in this Stipulation.

## PROVISIONS

NOW, THEREFORE, the Parties, intending to be legally bound hereby, stipulate, covenant and agree as follows:

1. <u>Recitals</u>.  The foregoing Recitals are hereby incorporated by reference as a material part of this Stipulation.

2. <u>Request for Stay</u>.  The Parties agree, and hereby request the Court to approve, a moratorium and stay of any and all proceedings in this action from the date of this Stipulation until the occurrence of a Termination Date.  As used in this Stipulation, "Termination Date" means the earlier of (a) August 8, 2008 or such subsequent date as the Parties may mutually agree in writing (including an e-mail exchange among counsel for the Parties), or (b) such date as is properly designated by any of the Parties in a duly served Notice of Intent to Terminate Stay.  As used in this Stipulation, "Notice of Intent to Terminate Stay" means a written notice served by

PDF created with pdfFactory trial version www.pdffactory.com

one of the Parties on all other Parties expressing their intent to terminate this Stipulation on a date designated in the Notice that is not less than forty-eight (48) hours after service of the Notice, with such termination becoming effective as of 11:59 PM (Pacific time) on such designated date. The period of time from the date of this Stipulation (July 9, 2008) until the occurrence of a Termination Date is referred to as the "Stay Period".

3. <u>Effect of Termination</u>.  If a Termination Date occurs, this Stipulation shall terminate and the Parties shall have no duty, obligation or liability whatsoever to any of the other Parties arising under or relating to this Stipulation.  In addition, Defendants shall have seven (7) calendar days from the Termination Date to amend or supplement the Post Trial Motions including, but not limited to, filing briefs, affidavits or other material required by Local Rule 50-291 and 59-291.  Plaintiff shall have ten (10) calendar days from receipt of Defendants' supplemental filings or 17 calendar days from the Termination Date if no supplemental filings are made by Defendants to respond in accordance with Local Rule 78-230 or to otherwise seek any other right or remedy that otherwise would have been available to Plaintiff absent this Stipulation.

In addition, Defendants shall have seven (7) calendar days from the Termination Date to file objections to claimed items of costs as required by Local Rule 54-292.  Any objections filed by Defendants shall be resolved in accordance with the procedures set forth in Local Rule 54-292.

4. <u>Actions During Stay Period</u>.  The Parties agree to explore the possibility of settling their disputes during the Stay Period; however, the Parties expressly acknowledge that a settlement may not be achieved and neither party shall have any liability whatsoever arising under or related to this Stipulation in the event the Parties are unable to reach a settlement or one of the Parties serves a Notice of Intent to Terminate Stay.  All Parties agree to bear their own costs, including legal or other professional fees, in connection with this Stipulation and any settlement negotiations pursuant thereto.

5. <u>Defendants' Covenants</u>.  During the Stay Period, Defendants covenant and agree as follows:

    (a) Defendants shall provide financial disclosures to Plaintiff substantially in the form required by the Schedules and Statement of Financial Affairs

PDF created with pdfFactory trial version www.pdffactory.com

(Official Form B6 and B7), and further agree to provide such other financial information or documentation as may be reasonably requested by Plaintiff;

(b) BEC and ARE agree that they shall not increase the salary or benefits currently payable to or provided to any "insider" (as defined in 11 U.S.C. §101(31));

(c) BEC and ARE agree not to make any payment of principal or interest with respect to any debt owed by BEC or ARE to any insider, except (i) with respect to amounts now or in the future owed for wages, salaries, withholding taxes, benefits, expense reimbursements, or other amounts owed or incurred in the ordinary course of employment of any such insider, and (ii) rent or other payments made to or on behalf of Kunkel and/or West Penn Power Company ("West Penn") sufficient to pay amounts due or becoming due under the existing mortgage in favor of West Penn;

(d) Defendants agree not to accelerate or make any extraordinary payment to any other creditor beyond amounts now due or becoming due in the ordinary course of business; and

(e) Defendants agree not to sell or transfer any assets outside the ordinary course of business, not to incur any new funded indebtedness outside the ordinary course of business and not to grant any lien or security interest in any asset to any creditor, except as may be provided in any existing loan documentation, except that BEC may be merged with and into ARE.

6. <u>Confidentiality</u>. All documents and information, whether oral or written, produced or provided by any of the Parties pursuant to this Stipulation (a) shall be deemed CONFIDENTIAL, whether or not specifically designated as such by any of the Parties, until the occurrence of a Termination Date, and shall be treated as such information is required to be treated under and pursuant to that certain Stipulated Protective Order entered in this action on May 23, 2006, and (b) shall be treated as settlement communications subject to and pursuant to the protections provided by Federal Rule of Evidence 408.

PDF created with pdfFactory trial version www.pdffactory.com

7. <u>Notices</u>.  Any and all notices required or permitted under this Stipulation shall be provided in writing, including via e-mail or facsimile, and shall be deemed received upon actual receipt, as confirmed by a regularly accepted means of acknowledgement or confirmation of delivery, and shall be served upon the Parties as indicated below:

If to Plaintiff:

Douglas Hanzlick, President
Pacific MDF Products, Inc.
4312 Anthony Court
Rocklin, CA  95677
Facsimile:  (916) 660-1871

with a copy to:

Thomas G. Redmon
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
400 Capital Mall, Twenty-Second Floor
Sacramento, CA  95814
Telephone:  (916) 441-2430
Facsimile:  (916) 442-6664
E-Mail:  tredmon@wilkefleury.com

If to Defendants:

Donald Kunkel, President
Advanced Recycling Equipment, Inc.
850 Washington Road
St. Marys, PA  15857
Facsimile:  (814) 834-3483
E-Mail: dkare@alltel.net

with copies to:

Robert M. Bodzin
BURNHAM BROWN
A Professional Law Corporation
1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:  (510) 444-6800
Facsimile:  (510) 835-6666
E-Mail:  rbodzin@burnhambrown.com

and

William E. Kelleher, Jr.
COHEN & GRIGSBY, P.C.
11 Stanwix Street, 15th Floor
Pittsburgh, PA  15222
Telephone:  (412) 297-4703
Facsimile:  (412) 209-1997
E-Mail:  wkelleher@cohenlaw.com

-5-

STIPULATION REGARDING TEMPORARY STAY OF PROCEEDINGS

PDF created with pdfFactory trial version www.pdffactory.com

8. <u>Motion for Approval</u>. The Parties jointly request the Court to approve this Stipulation and adopt it as an Order of Court and specifically approve the stay of any further proceedings in this action unless and until a Termination Date occurs and proceedings are resumed in accordance with Paragraphs 2 and 3 above.

9. <u>Counterparts</u>. This Stipulation may be signed in counterparts by the parties.

IN WITNESS WHEREOF, the Parties, by and through their duly authorized representatives, have executed this Stipulation as of this 9th day of July, 2008.

PLAINTIFF:

PACIFIC MDF PRODUCTS, INC.

By: /s/_____
Its: _____

DEFENDANTS:

BIO-MASS ENERGY CONCEPTS, LLC

By: /s/_____
Its: _____

ADVANCED RECYCLING EQUIPMENT, INC.

By: /s/_____
Its: _____

/s/_____
DONALD KUNKEL

-6-

STIPULATION REGARDING TEMPORARY STAY OF PROCEEDINGS

PDF created with pdfFactory trial version www.pdffactory.com

APPROVED AS TO FORM ONLY.

                    WILKE, FLEURY, HOFFELT, GOULD & BIRNEY

By: /s/
     THOMAS G. REDMON
     Attorney for Plaintiff

BURNHAM BROWN

By: /s/
     ROBERT M. BODZIN
     Attorney for Defendants

1  SO ORDERED, by the Court, as of this 11th day of July, 2008.



```
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
```

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

-8-

STIPULATION REGARDING TEMPORARY STAY OF PROCEEDINGS

PDF created with pdfFactory trial version www.pdffactory.com