UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PACIFIC MDF PRODUCTS, INC.,

        NO. CIV. S-05-642 LKK/JFM

    Plaintiff,

  v.                       O R D E R

BIO-MASS ENERGY CONCEPTS, LLC;
ADVANCED RECYCLING EQUIPMENT,
INC.; and DONALD KUNKEL,

    Defendants.
                              /

AND RELATED COUNTER-CLAIMS.
                              /

    Pending before the court is a motion for judgment as a matter of law or a new trial, brought by defendants and counterclaimants Bio-Mass Energy Concepts, LLC., Advanced Recycling Equipment, Inc., and Donald Kunkel. The court resolves the motion upon the papers. For the reasons stated herein, the motions are denied.

### I. BACKGROUND

    This case concerns a business arrangement that existed between

1

the plaintiff and defendants, by which the latter had agreed to provide certain equipment and related services to the former. The business relationship soured and plaintiff brought suit, alleging breach of contract, fraud, and other factually related claims. Defendants Bio-Mass Energy Concepts and Advanced Recycling Equipment counterclaimed for breach of contract. On June 25, 2008, after twenty-nine days of trial, the jury found for plaintiff on all of its claims and on defendants' counterclaim and awarded $6,067,185 in damages.[1]

Defendants' motion centers around three alleged deficiencies in the evidence. First, defendants observe that trial testimony established that Mr. Hanzlick (an agent of the plaintiff) and defendant Kunkel had only met once before defendant Kunkel made statements that led Mr. Hanzlick to believe that Kunkel would personally back the contract. This evidence is relevant for plaintiff's showing that its reliance on such statements was reasonable.

Second, defendants note that the evidence showed that at the time defendant Kunkel made the statements regarding his personal guarantee of the contract, the contract was still under negotiations. This is relevant to the extent of defendants' liability under California Civil Code § 2799.

Third, defendants observe that plaintiff's witness, Mr. Raskie, testified about economic projections between 2009 and 2014.

---

[1] On June 6, 2008, defendant Kunkel moved for Judgment as a Matter of Law, which the court denied.

2


Plaintiffs used a summary of Mr. Raskie's projections as a demonstrative tool for the jury, although it was not admitted into evidence. Mr. Raskie's testimony was relevant to the plaintiff's claim for future damages.

## II. STANDARD

**A.  Standard for A Renewed Motion for Judgment As a Matter of Law Under Federal Rule of Civil Procedure 50**

Federal Rule of Civil Procedure 50(b) governs the renewal of a motion for judgment as a matter of law. That Rule provides: "If the court does not grant a motion for judgment as a matter of law made [under Rule 50(a)], the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . ." Fed. R. Civ. P. 50(b). A Rule 50(b) motion is granted, therefore, when the moving party meets the standard of Rule 50(a) motion, that is, that there is not a "legally sufficient evidentiary basis [for a reasonable jury] to find for that party on [an] issue." Sufficient evidence is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

**B.  Standard for Motion for a New Trial Under Federal Rule of Civil Procedure 59**

Rule 59(a) states, "A new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P.

3

59(a)(1). As is apparent from the text of the Rule, it does not specify the grounds on which a motion for a new trial may be granted. See Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). The court is "bound by those grounds that have been historically recognized." Id. Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); see also Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th Cir. 2000) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.").

### III. ANALYSIS

Defendants move for judgment as a matter of law or a new trial on three grounds. First, they contend that there was insufficient evidence from which the jury could find that plaintiff's reliance on defendant Kunkel's personal guarantee was reasonable. Second, they argue that California Civil Code § 2799 precludes an award against defendant Kunkel greater than that which was possible during the negotiations. Third, defendants argue that Mr. Raskie's testimony was hearsay that should have been excluded. The court is not persuaded by any of defendants' arguments.

With regards to the testimony establishing plaintiff's reasonable reliance on defendant Kunkel's promise, the jury's

4

verdict was not against the weight of the evidence or insufficiently supported by the evidence. See Montgomery Ward, 311 U.S. at 251; Pavao, 307 F.3d at 918. Mr. Hanzlick's testimony at trial provided a basis for the jury's finding that his reliance on Kunkel's guarantee was reasonable, in that he testified that "I felt Mr. Kunkel had shown Mr. Raskie enough products that he had proven that he knew what he was doing, that the product that he would be able to ship to us would perform the way that it wanted it to perform. And I was feeling comfortable with him." See Declaration of Daniel Baxter, Ex. A (Hanzlick Transcript at 54:11-54:14). He also testified that such oral agreements were common in his experience. Id. While this testimony does not compel the jury's verdict, it does not fail to support it either.

Second, the court does not agree that California Civil Code section 2799 compels a reduction of the jury's verdict against Kunkel. Section 2799 states:

> In an assumption of liability as surety in connection with a contract, the terms of which are not then settled, it is implied that its terms shall be such as will not expose the surety to greater risks than he would incur under those terms which are most common in similar contracts at the place where the principal contract is to be performed.

Defendant Kunkel argues that at the time he made his statements guaranteeing the contract, the contract was still in negotiations. Thus, his liability in relation to this guarantee would be limited to only that risk that "he would incur under those terms which are most common in similar contracts at the place where the principal contract is to be

5

1  performed," per section 2799. Even assuming that there was a
2  surety relationship between Kunkel and the plaintiff, the
3  flaw in his argument is that he presented no evidence of the
4  risks associated with "similar contracts at the place where
5  the principal contract is to be performed." Accordingly the
6  jury did not act contrary to the evidence by reaching the
7  verdict that was reached.
8      Finally, there is no merit to defendants' argument that
9  portions of Mr. Raskie's testimony should have been excluded
10 as hearsay. Mr. Raskie testified as an expert and his
11 projections were therefore properly admitted into evidence,
12 regardless of the admissibility of the underlying data upon
13 which the projections were based. See Fed. R. Evid. 703.  The
14 summary of Mr. Raskie's projections that plaintiffs used as
15 a demonstrative tool was admissible under Federal Rule of
16 Evidence 1006; moreover, defendants did not object to its use
17 during the trial.

**IV. CONCLUSION**

19     For the reasons stated herein, defendants' motions for
20 judgment as a matter of law or for a new trial (docket no.
21 284) are DENIED.
22     IT IS SO ORDERED.
23     DATED: September 12, 2008.

                                                      LAWRENCE K. KARLTON
                                                     SENIOR JUDGE
                                                     UNITED STATES DISTRICT COURT