WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
THOMAS G. REDMON (SBN 047090)
DANIEL L. BAXTER (SBN 203862)
400 Capitol Mall, Twenty-Second Floor
Sacramento, CA  95814
Telephone:    (916) 441-2430
Facsimile:     (916) 442-6664

Attorneys for Plaintiff/Counter-Defendant
PACIFIC MDF PRODUCTS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MDF PRODUCTS, INC., | No. 2:05-cv-642, LKK-JFM |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER** |
| BIO-MASS ENERGY CONCEPTS, LLC, ADVANCED RECYCLING EQUIPMENT, INC. and DONALD KUNKEL, | |
| Defendants. | |
| BIO-MASS ENERGY CONCEPTS, LLC, and ADVANCED RECYCLING EQUIPMENT, | |
| Counter-Claimants, | |
| vs. | |
| PACIFIC MDF PRODUCTS, INC., | |
| Counter-Defendant. | |

The jury having rendered a verdict in favor of Plaintiff and against Defendants in the amount of $6,067,185 on June 25, 2008, and judgment having been entered herein on June 26, 2008;

Defendants having timely filed motions for a new trial and/or judgment as a matter of law

-1-

1 pursuant to Federal Rule of Civil Procedure 50(b) and 59;

2 Plaintiff having timely filed its Bill of Costs as the prevailing party in this action;

3 Plaintiff and Defendants having agreed to temporarily stay any further proceedings in this
4 action to explore the possibility of a settlement in accordance with the terms and conditions set
5 forth in that certain Stipulation Regarding Temporary Stay and Proceedings dated July 10, 2008
6 and the Court having approved that stipulation on July 11, 2008;

7 The Court having issued an order denying Defendants' post-trial motion on September 12,
8 2008 and amending that order by order dated September 16, 2008 which stated that the
9 September 12, 2008 order was issued in error and designated that order as a tentative ruling only;

10 Plaintiff and Defendants now having entered into a written settlement agreement dated
11 October 6, 2008 (the "Settlement Agreement") the terms of which are to be treated by the parties
12 as confidential;

13 Now therefore, the parties stipulate to the following Order:

14 1. That this action be stayed and designated as "settled and administratively closed"
15 unless an event of default (defined below) shall occur. If an event of default (as defined below)
16 occurs and remains uncured, Plaintiff shall have the right to file a notice, motion or other
17 appropriate pleading to reopen the action and Plaintiff shall thereupon be entitled to pursue any
18 and all rights and remedies related to the judgment as such rights and remedies existed
19 immediately prior to the parties' execution and the Court's approval of this Order, including, but
20 not limited to, requesting that the post-trial motions be resolved in accordance with this Court's
21 tentative ruling;

22 2. That all of Defendants' rights, remedies and defenses shall similarly be reinstated
23 in the event the action is reopened, including, but not limited to, opposing the tentative ruling and
24 appealing the judgment;

25 3. That the occurrence of any of the events described below will constitute an "event
26 of default" under this Order:

27 (a) Defendants fail to make any payment owed under the Settlement
28 Agreement when due and such failure continues for thirty (30) days after written notice by

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

-2-

STIPULATION AND ORDER

1 Plaintiff to Defendants;

2     (b)     The first two occasions during any consecutive twenty-four (24) month 3 period that Plaintiff is required to serve Defendants with a thirty (30) day written notice that 4 payment is due shall not be considered an event of default if payment is received within the thirty 5 (30) day notice period;

6     (c)     If Plaintiff is entitled, due to Defendants failure to make payments when 7 due, to issue a third written notice of late payment, (whether or not payment is received within 8 thirty (30) days of written notice), Defendants failure to make timely payment shall be considered 9 an event of default;

10     (d)     A proceeding is instituted by or against any of the Defendants seeking a 11 declaration or order for relief, entailing a finding that any of the Defendants are insolvent or 12 bankrupt, or seeking reorganization or liquidation or other similar relief with respect to any of the 13 Defendants or any of their properties, assets or debts, or seeking the appointment of a receiver, 14 trustee, custodian, liquidator, sequestrator, or similar official for Defendants or any of their 15 properties or assets; or

16     (e)     Any of the Defendants makes a general assignment for the benefit of 17 creditors, institutes a proceeding described in subsection (d) above, or consents to any such 18 declaration or order finding relief or appointment described in subsection (d) above.

19     Upon the occurrence of the event of default described above, the full unpaid 20 amount under the Settlement Agreement shall automatically become due and payable and 21 Plaintiff may exercise any and all other rights or remedies available under this Order or 22 referenced in the Settlement Agreement.

4. The Court does not make any finding of fact or reach any conclusion of law as to the rights and remedies of the parties pursuant to the Settlement Agreement or this Stipulation and Order.

Dated: October 6, 2008        WILKE, FLEURY, HOFFELT,
                              GOULD & BIRNEY


                              By: ___/s/_____
                                    THOMAS G. REDMON
                                    Attorney for Plaintiff


Dated: October 6, 2008        BURNHAM BROWN


                              By: ___/s/_____
                                    ROBERT M. BODZIN
                                    Attorney for Defendants

SO ORDERED, by the Court, as of this 7th day of October, 2008.

1388862_1

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT